**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-10612
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LESLIEDAWN CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Dallas
(3:95 CR 183 H)

_____
August 29, 1995
Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Pro se[2] Appellant Lesliedawn Clark appeals from the district
court's order retaining her in the custody of the Attorney General
pending trial.[3]  We affirm.

---

[1]  Local Rule 47.5 provides:  "The publication  of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

[2]   Appellant was represented by counsel in the proceedings below.
However, sometime after the district court's detention order was
entered, counsel moved to withdraw citing irreconcilable
differences between him and his client.  Appellant requested that
the district court grant the motion to withdraw and allow her to
proceed with this appeal pro se.  The district court granted the
request.

[3]   Appellant's trial has been set for October 2, 1995.

## I.   BACKGROUND

Appellant and seven co-defendants have been charged in a sixteen count indictment with: (1)  conspiracy to defraud the United States through the violation of various tax laws, in violation of 18 U.S.C. § 371; and (b) aiding, procuring, counseling and advising in the filing of false and fraudulent "Employee Withholding Allowance Certificates" (form W-4), in violation of 26 U.S.C. § 7206(2).

The government moved to detain Appellant pursuant to 18 U.S.C. § 1342(f)(2)(B), based on belief that Appellant presented a serious risk of obstructing, threatening or injuring prospective witnesses. After hearing, the Magistrate Judge found that Appellant represented a danger to Internal Revenue agents and witnesses, and ordered Appellant detained.  The district court, after holding a hearing and conducting a de novo review, affirmed the detention order of the magistrate.  Specifically, the district court found:

> From clear and convincing evidence the Court finds, after considering the standards set out in 18 U.S.C. § 3142(f)(2)(B) and the factors set forth in 18 U.S.C. § 3142(g) as follows:
>
> There is a serious risk that, unless detained, Defendant Clark will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure or intimidate, prospective witnesses.
>
> Release of Defendant Clark might pose a danger to potential witnesses, agents of the Internal Revenue Service, and to the community.
>
> No condition or combination of conditions of release could be set to reasonably assure the safety of witnesses, any other persons, and the community.

## II.  ANALYSIS

We will affirm the district court's pretrial detention order if "`if it is supported by the proceedings below,' a deferential standard of review that we equate to the abuse-of-discretion standard."  United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989).  Appellant asserts five discernable grounds for relief: (a) that the district court improperly found that she was a danger to the community; (b) that the district court improperly based its decision on hearsay, in violation of the confrontation clause; (c) that her detention violates equal protection because her co-defendants were released; (d) that she is being retained without charges in violation of her right to due process and in violation of the Fifth and Eighth Amendments; and (e) that her detention violates her first amendment rights.

## A.  Danger to the Community

Pretrial detention is appropriate where one of the six factors listed in 18 U.S.C. § 3142(f) is implicated and a judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  See United States v. Byrd, 969 F.2d 106, 109 (5th Cir. 1992).  Where Appellant's charged offense is not a violent crime, Appellant may still be retained if the government proves a nexus between one or more of the six § 3142(f) factors and the offense charged.  See id. at 110.  In the instant case, the government proved a nexus between the charged conspiracy to defraud the government and § 3142(f)(2)(B) which

3

provides that detention may be ordered where there exists "a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

At the hearing before the district court, the government provided testimony showing, <u>inter alia</u>, that

(1) According to a confidential informant, Appellant had stated "she would blow away any agent that came into her residence;"

(2) Appellant had purchased seven assault rifles, three automatic pistols and approximately 3000 rounds of ammunition between October 23, 1992 and November 21, 1992, from the "Ammo Depot" in Mesquite, Texas;

(3) According to the owner of the "Ammo Depot," Appellant had made statements about overthrowing the United States government and, in particular, the Internal Revenue Service; and

(4) At the time of her arrest, Appellant had a sign on the front door of her residence that stated, in essence, "Beware Public Servant...don't contact me in person. You have to mail any correspondence that you have to me. If not, survivors will be prosecuted."

Despite Appellant's attempts to account for the firearms, and the numerous character witnesses that testified at the hearing before the district court or provided affidavits on her behalf, we find the record supports the district judge's determination that Appellant presents a danger to the community. The remainder of Appellant's arguments are easily disposed.

**B.  Hearsay Testimony**

Appellant's contention that the district court improperly admitted hearsay testimony is without merit. As we have stated previously, hearsay testimony is admissible in a detention hearing.

4

See United States v. Trosper, 809 F.2d 1107, 1111 (5th Cir. 1987); see also 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."). The district court, as trier of fact at a detention hearing, is entitled to make credibility choices that we will not disturb unless clearly erroneous. See United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990).

## C. Equal Protection Claim

Appellant has made no showing that any of her co-defendants made threats against government agents, acquired large quantities of assault weapons and ammunition, advocated the overthrow of the United States government or posted warnings to "public servants" on their residences. She has not shown any disparity in treatment.

## D. Held Without Charges

Appellant is being detaining pursuant to an indictment returned by the Grand Jury. Appellant claim is without foundation.

## E. First Amendment Claim

Appellant has not briefed her First Amendment claim, and therefore it is deemed abandoned. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

## III. CONCLUSION

The detention order of the district court is supported by the record below. For the reasons above, we AFFIRM.